IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK ESTRADA, #311058　　　　　　　*
　　　　　　　Petitioner,
v.　　　　　　　　　　　　　　　　　　　* CIVIL ACTION NO. RDB-10-3221

WARDEN, et al.　　　　　　　　　　　　*
　　　　　　　Respondents.
　　　　　　　　　　　　　　　　　　　***

## MEMORANDUM OPINION

On May 3, 2011, Respondents filed their answer to this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, arguing, in part, that two of Petitioner's ineffective counsel claims are procedurally defaulted because they were not raised in his application for leave to appeal at the state court level. ECF No. 14 at pgs. 23-24. On May 4, 2011, court order was entered granting Petitioner an additional twenty-eight days to file a reply to Respondents' procedural default and on-the-merits arguments. ECF No. 15.

On May 24, 2011, Petitioner filed a letter with the Court seeking to "withdraw my petition for habeas corpus" without "consequence of loss." ECF No. 16. He indicated that he did not have legal representation and had no knowledge of what he was doing. Petitioner asserted that he would like an opportunity to file and argue his petition anew "once I have legal representation." *Id.*

Noting that dismissal of the Petition at this junction would likely prevent Petitioner from refilling the Petition at a future date as the Petition would be time-barred,[1] the Court granted

---

[1] According to the record, a jury convicted Petitioner of first-degree murder, attempted first-degree murder, and first-degree assault. ECF No. 14, Ex. 1. He was sentenced to two concurrent terms of life imprisonment. *Id.*, Ex. 8. An appeal was filed with the Court of Special Appeals of Maryland. On December 17, 2003, that court affirmed Petitioner's convictions. *Id.*, Ex. 11. Petitioner's petition for writ of certiorari to the Court of Appeals of Maryland was denied on April 12, 2004. *Id.*, Ex. 13. Respondents acknowledge that the convictions became final for direct appeal purposes on Monday, July 12, 2004, when the ninety-day time period for seeking review in the U.S. Supreme Court expired. Approximately seven months later, Petitioner filed for state post-conviction relief. ECF No. 14, Exs. 14-19. The petition was denied on April 1, 2009, and Petitioner's application for leave to appeal was denied by the Court of Special Appeals on August 19, 2010. *Id.*, Ex. 21. The mandate was issued on September 20, 2010.

Petitioner an additional twenty-one days to inform the Court how he wished to proceed with the case. ECF No. 17. Petitioner responded and again asked the Court dismiss the case without prejudice to his right to bring the action at another time. ECF No. 18. Petitioner stated that his grandmother had been "scammed" by someone purporting to be a legal investigator, and as a result he lost transcripts of his proceedings as well as other relevant documents. The Court advised Petitioner that the Court could not "toll" the limitations period and, as previously indicated, should Petitioner dismiss this case he would likely be unable to bring the case again within the applicable statute of limitations. ECF No. 19. Petitioner was advised that prisoners filing § 2254 petitions in this court are, in effect, only permitted one bite of the apple[2] and must do so within the applicable one-year statute of limitation.[3]

---

On November 15, 2010, the court received the instant undated Petition for habeas corpus relief. As such, at the time the Petition was filed, fifty days remained on the one-year limitation period.

[2] Title 28 U.S.C. § 2244(a) provides that:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in 28 U.S.C. § 2255.

[3] Title 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was granted an additional twenty-one days to advise the Court whether he wished to proceed with this case or have it dismissed. He was advised that if the Court did not hear from him in a timely and responsive manner, it would presume he wished to proceed on his Motion to Dismiss, with the knowledge that he may be barred from litigating his habeas claims in the future. *Id.* As of the within filing date, Petitioner has not responded. Accordingly, Petitioner's Motion to Dismiss (ECF No. 16) will be granted by separate order.

OCTOBER 19, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.